UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SNELL,<br><br>    Plaintiff,<br><br>  v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>    Defendants. | No. 1:25-cv-00507 KES GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE VOID ORDERS<br><br>(ECF No. 7) |

    Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF No. 2 (in forma pauperis application). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    Before this Court is Plaintiff's motion to vacate void orders. ECF No. 7. For the reasons stated below, the motion will be denied.

    I.    <u>PLAINTIFF'S MOTION TO VACATE</u>

    In support of Plaintiff's motion to vacate void orders, he states in relevant part that because he has not consented to magistrate judge jurisdiction the undersigned has no subject matter jurisdiction. See ECF No. 7 at 2. In addition, citing to "<u>McLean v. Jephson</u>, 123 N.Y. 142, 25 N.E. 409," Plaintiff further argues that "without jurisdiction, the acts or judgments of the court are void and open to collateral attack." ECF No. 7 at 2. These facts being the case, Plaintiff

contends that if a court is without authority its judgments and orders are "regarded as nullities." Id. (citing to Elliot v. Piersol, 1 Pet. 328, 340 (1828)).

Finally, Plaintiff argues that Federal Rule of Evidence 201(B) requires the U.S. District Court to waive his filing fees because he has a "natural individual right to petition the court without fees." ECF No. 7 at 3 (citing to Crandall v. Nevada, 75 U.S. 35 (1968)). For these reasons, Plaintiff requests that the District Court remove "Magistrates from my case, void the Magistrates orders, and hear my case against this tyrant Tuolumne county." Id.

## II. DISCUSSION

Plaintiff's motion will be denied for several reasons. First, this case has been lawfully referred to this Court consistent with 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Next, to the extent that Plaintiff argues that he has a constitutional right to petition the Court without paying the filing fees (see ECF No. 7 at 3), 28 U.S.C. §§ 1914 and 1915 clearly indicate that this argument of Plaintiff's is also without merit. These statutes state that parties are required to pay a filing fee (see 28 U.S.C. § 1914(a)), and that inmates, though they may begin an action without the prepayment of filing fees in their entirety, they must still pay the whole filing fee, albeit over a period of time (see 28 U.S.C. §§ 1915(a)-(b)).

For these reasons, the Court's orders are not "void," as Plaintiff's motion claims. Therefore, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to vacate void orders and have Magistrate Judges removed from hearing his case (ECF No. 7) is DENIED.

IT IS SO ORDERED.

Dated: __June 24, 2025__          /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE

2