UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SNELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY, et al.,<br><br>　　　　Defendants. | No. 1:25-cv-00507 KES GSA (PC)<br><br>FINAL ORDER DIRECTING PLAINTIFF TO FILE SIX-MONTH PRISON TRUST FUND ACCOUNT STATEMENT<br><br>(See ECF No. 5)<br><br>PLAINTIFF'S SIX-MONTH TRUST FUND ACCOUNT STATEMENT OR, IN THE ALTERNATIVE, HIS VOLUNTARY DISMISSAL OF THIS ACTION, DUE IN FOURTEEN DAYS |

　　　Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　For the reasons stated below, Plaintiff will be ordered a final time to file his six-month prison trust fund account statement with the Court. Plaintiff will be given fourteen days to do so.

I.　　RELEVANT BACKGROUND

　　A. Plaintiff Ordered to File Six-Month Prison Trust Fund Account Statement

On April 30, 2025, Plaintiff's complaint, along with an application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. However, Plaintiff's required six-month prison trust

1

fund account statement did not accompany his application to proceed in forma pauperis.  See ECF No. 2.  Despite this fact, on May 1, 2025, Plaintiff's application to proceed in forma pauperis was inadvertently granted.  See ECF No. 4.

On May 2, 2025, having realized that Plaintiff's in forma pauperis application had been granted prematurely, the order granting it was vacated.  ECF No. 5.  In the vacation order, Plaintiff was ordered to file his six-month prison trust fund account statement as 28 U.S.C. § 1915(a)(2) requires.  See id. at 2.  Plaintiff was given fourteen days to comply with the Court's order.[1]  See id.

### B. Plaintiff Ordered to Show Cause Regarding Dismissal of Claims One and Two

On the same day, realizing that Plaintiff's complaint in its entirety might not be viable as a Section 1983 complaint, in an effort to avoid Plaintiff having to pay the expensive filing fee for a Section 1983 complaint, the Court instead screened the complaint, found that Claim Three failed to state a claim and it ordered Plaintiff to show cause why Claims One and Two should not be dismissed for lack of jurisdiction.[2]  ECF No. 6 at 7.  Plaintiff was also given fourteen days to comply with that order.  Id.

### C. Plaintiff's Failure to Comply with Either Court Order

Plaintiff failed to comply with either court order.  Instead, he filed a "motion to vacate void orders" which ultimately argued that:  (1) this Court had no jurisdiction over him because he had not consented to this Court presiding over his case, and (2) he had "a natural individual right" to file pleadings without paying any fees.  See ECF No. 7 at 2-3.  As a result, to date, there is no six-month prison trust fund account statement on record for Plaintiff, nor has Plaintiff moved to dismiss Claims One and Two from his complaint on the grounds that they have been improperly brought under Section 1983.

---

[1] On the same day, realizing that Plaintiff's complaint in its entirety might not be viable as a Section 1983 complaint, in an effort to avoid Plaintiff having to pay the filing fee for a Section 1983 complaint, the Court instead screened the complaint and ordered Plaintiff to show cause why two of the three claims should not be dismissed for lack of jurisdiction.

[2] Although Claim Three failed to state a claim, arguably, it could have been made viable if Plaintiff had provided actual names of the prison officials who he claims had improperly assigned him to a top bunk.  See generally ECF No. 6 at 4-5 (screening order).

## II. DISCUSSION

At the outset, the Court states that screening Plaintiff's complaint prior to Plaintiff providing his six-month trust account statement in an effort to help Plaintiff avoid having to pay the significant Section 1983 $350.00 filing fee for a complaint that may not likely be at all viable either under Section 1983 or under 28 U.S.C. § 2254 (habeas statute) was an error on its part. The trust account statement is required to be paid to commence an action in this Court. See generally 28 U.S.C. §§ 1914, 1915(a)(1)-(2). The viability of the claims in Plaintiff's complaint is not something the Court should have taken into consideration. Furthermore, contrary to Plaintiff's assertions, he does not have a "natural individual right" to be free from this fee payment obligation.

That being said, the threshold consideration for the Court at this time is that it receive Plaintiff's six-month prison trust fund account statement. Consequently, Plaintiff will be ordered for a second time to file it. If Plaintiff is insistent upon not paying the filing fee, instead of filing the six-month trust account statement, he may voluntarily dismiss this matter. He will be given fourteen days to take either course of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall FILE his six-month prison trust fund account statement as the law requires. See 28 U.S.C. § 1915(a)(1)-(2);

2. As an ALTERNATIVE to filing his six-month prison trust fund account statement, Plaintiff may VOLUNTARILY DISMISS this action. See Fed. R. Civ. P. 41(a)(1)(A)(i), and

3. Plaintiff shall have fourteen days to take either course of action.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated: **June 27, 2025**          /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE