UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL SNELL,

          Plaintiff,

    v.

TUOLUMNE COUNTY, et al.,

          Defendants.

No.  1:25-cv-00507-KES-SAB (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF

(ECF No. 15)

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant complaint in this action on April 30, 2025.  (ECF No. 1.)

On November 21, 2025, the Court screened the Plaintiff's complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint.  (ECF No. 14.)

Plaintiff failed to file an amended complaint or otherwise respond to the Court's screening order.  Therefore, on January 6, 2026, the ordered Plaintiff to show cause why the action should not be dismissed.  (ECF No. 15.)  Plaintiff has not filed a response and the time to do so has

1

passed.  Accordingly, the operative complaint is Plaintiff's original complaint, which fails to state a cognizable claim for relief and dismissal is warranted.

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see also Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.

## ALLEGATIONS OF COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff, an inmate at Tuolumne County Jail names Tuolumne County; "Tuolumne County DA"; Tuolumne County Jail, and Superior Court of California – Tuolumne as Defendants in this action. (ECF No. 1 at 1-2.) The gravamen of his complaint is that his rights have been violated because in 2014, he was sentenced to nineteen years in prison for a crime that he did not commit, and that he is being improperly held without bail. Id. at 3-4 (Claims One and Two). Plaintiff also alleges that he is without access to the Court and no law library, and he was improperly placed in a cell with a top bunk with no ladder, despite the fact that he has a "inguinal hurnia." Id. at 5 (Claim Three). As a result, he fell, and his condition was made worse. Id.

Plaintiff states that as a result of his conviction, he lost his children, freedom and property. Id. at 3.  He also alleges that his right to a fair trial was damaged.  Id. at 4. Lastly, Plaintiff states that because of this placement, he fell, which made his injury worse. Id. at 5. He seeks release from jail; the appointment of counsel, and $118,000.000 in monetary relief. Id. at 6.

**IV.**

**DISCUSSION**

**A.      Claims One and Two**

A prisoner cannot use a Section 1983 action to challenge the fact or duration of his confinement. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). He must seek federal habeas corpus relief or appropriate state relief instead. Wilkinson, 544 U.S. at 78. When the intent to bring a habeas petition is not clear, a district court should not convert defective Section 1983 claims into a habeas petition. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Claims One and Two challenge the fact and/or duration of Plaintiff's sentence. (ECF No. 1 at 3-4.)  Such claims are not properly brought under 42 U.S.C. § 1983. Because they are habeas claims, they should have been brought under the appropriate habeas statute, likely 28 U.S.C. § 2254.

Furthermore, Plaintiff's complaint cannot be converted to a habeas petition.  Indeed, the bulk of the pleading – Claims One and Two – challenges Plaintiff's conviction and sentence, which is appropriate for a Section 2254 habeas petition. However, Plaintiff does not specifically

3

name the Tuolumne County Sheriff, his custodian, as a party to the action. (ECF No. 1 at 1-2; see also Rules Governing Section 2254 Cases, Rule 2(a); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  In addition, Plaintiff seeks monetary relief. (ECF No. 1 at 6.) Claims for damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citation omitted). Thus, it is not clear that Plaintiff intended to bring a habeas petition. When a plaintiff's intentions are not clear, the Court should not convert a defective Section 1983 complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

### B. Claim Three

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and section 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to state a claim for denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Id. at 349.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4).

Here, Plaintiff has not established that he has suffered an actual injury, hence this claim fails to state a cognizable claim.

### V.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

4

**days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 30, 2026**     _____

STANLEY A. BOONE
United States Magistrate Judge